UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REVA LUPIN KUTNER and
SANFORD A. KUTNER
    *Plaintiffs*

v.                                                                 Civil Action, File Number: 08-cv-1013-SHS

MICHAEL O. LEAVITT, SECRETARY,
U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES;
ROBERT M. GATES, SECRETARY,
DEPARTMENT OF DEFENSE;
HUMANA MILITARY HEALTHCARE
SERVICES, INC.;
EAST RIVER MEDICAL IMAGING, PC;
QUEST DIAGNOSTICS INC.;
EAST JEFFERSON GENERAL HOSPITAL;
RADIOLOGY & INTERVENTIONAL
ASSOCIATES OF METAIRIE, INC.; and
CARDIOLOGY CONSULTANTS OF LOUISIANA
    *Defendants*

## COMPLAINT

COMES NOW, the Plaintiff, REVA LUPIN KUTNER by and through her attorney, Sanford Kutner, and plaintiff, SANFORD A. KUTNER, pro se, and for a Complaint against the Defendants, states and alleges as follows:

*NATURE OF CLAIM*

1. This action is for declaratory and injunctive relief and for damages to redress the deprivation of rights secured to the plaintiff by 10 U.S.C. § 1079 *et seq*. as implemented by 32 C.F.R. § 199.17 and Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg.

*JURISDICTION*

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4), conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress under the Declaratory Judgment Statute, 28 U.S.C. §2201 *et seq*.

*PARTIES*

5. Plaintiff, REVA LUPIN KUTNER, is a female citizen of the United State, an attorney licensed in the State of Louisiana and over the age of 18 years.

6. Plaintiff, SANFORD KUTNER, is a male citizen of the United States, an attorney licensed in the State of New York and admitted in this Court, husband of plaintiff, Reva Lupin Kutner, and over the age of 18 years.

7. Defendant, MICHAEL O. LEAVITT, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES is Secretary of the Agency that is responsible for Medicare.

8. Defendant, ROBERT M. GATES, SECRETARY OF DEFENSE is Secretary of the Agency that is responsible for Tricare.

8. Defendant, HUMAN MILITARY HEALTHCARE SERVICES, INC, a subsidiary of HUMANA, INC., is the administrator for Tricare South, to which the plaintiffs are assigned.

9. Defendant, EAST RIVER MEDICAL IMAGING, PC is a medical provider operating in New York County, New York.

10. Defendant, QUEST DIAGNOSTICS INC. is a medical provider operating in Rockland County, New York.

11. Defendant, EAST JEFFERSON GENERAL HOSPITAL is a medical provider operating a hospital in Jefferson Parish, Louisiana.

12. Defendants, RADIOLOGY & INTERVENTIONAL ASSOCIATES OF METAIRIE, INC. and CARDIOLOGY CONSULTANTS OF LOUISIANA are medical providers operating in Jefferson Parish, Louisiana.

*STATEMENT OF CLAIM (EAST RIVER IMAGING)*

12. On or about February 1, 2007, Dr. Marcel Pintea, a cardiologist, located in Kings referred plaintiff Sanford Kutner to defendant, East River Medical Imaging, for testing in connection with an additional heart beat.

13. That test returned with some uncertainty regarding the imaging, which was not necessarily the fault of East River and is an event that occurs with some of the tests when the heart beat exceeds 70 beats per minute, while the test is being administrated.

14. The patient obviously has no control of his heart beat.

15. As a medical precaution Dr. Pintea ordered another test.

16. The follow-up test was administered on June 27, 2007, which did indicate a possible problem, which resulted in the direct need for further treatment.

17. Medicare rejected the claim for the test on June 27, 2007.

18. By Medicare arbitrarily and capriciously rejecting the claim, the patient, Sanford Kutner, would be responsible for the full original price of the test, not being afforded the discount rate accepted by East River Imaging were the claim honored.

19. Because the claim was rejected, the secondary provider, Tricare, is then not obligated to pay their obligation.

*STATEMENT OF CLAIM (QUEST LABORATORIES)*

20. On or about June 25, 2007, Dr. Samuel Lupin, brother of Reva Lupin, prescribed a blood test before taking another test, which contained a dye, which, in turn, could cause kidney failure if certain elements evidenced by the blood were not consistent with required levels.

21. Tricare arbitrarily and capriciously denied the claim because Dr. Lupin was a close relative and another physician should have prescribed the test.

22. Reva Lupin was forced to go to New York for certain tests because the medical community in New Orleans was devastated from the aftermath of Hurricane Katrina.

23. There are not enough physicians in the New Orleans area to timely handle the needs of a patient.

24. The destruction in New Orleans and the following evacuation of much of the medical community and destruction to the hospital system was caused directly because of breaches in the levee system, a responsibility of the Army Corps of Engineers, a unit under the Secretary of Defense.

25. By denying this claim the Department of Defense is allowing their ineptitude regarding the devastation from the levee breach to relieve the Department of Defense from honoring a medical necessity.

26. By Tricare rejecting the claim, the patient, Reva Lupin, would be responsible for the full original price of the test, not being afforded the discount rate accepted by Quest Laboratories were the claim honored.

27. Because the claim was rejected the secondary provider is then not obligated to pay their obligation.

*STATEMENT OF CLAIM (EAST JEFFERSON GENERAL HOSPITAL)*

28. On or about September 13, 2006, plaintiff, Sanford Kutner, was admitted as an emergency patient because during a prostrate biopsy, there was a puncture, which resulted in a blood infection.

29. The primary medical provider for the hospital stay was Internal Medicine Physicians, LLC, owned and operated by Lawrence Levy, M.D.

30. Arnold M. Lupin, M.D. is only an employee of Internal Medicine Physicians, LLC.

31. Arnold M. Lupin, M.D. is the brother-in-law of plaintiff, Sanford Kutner.

32. Arnold M. Lupin, M.D. was assigned as the physician to make rounds on September 14, 2006.

33. Arnold M. Lupin, M.D. supposedly ordered tests regarding the blood infection and possible sepsis since Sanford Kutner was running a fever.

34. Sanford Kutner had no control over what doctor was assigned to his case on September 14, 2006.

35. Sanford Kutner, plaintiff, was solely interested in survival, and had no idea which doctor was ordering what test.

36. Had the tests not been ordered, Sanford Kutner may have expired.

37. Had Arnold Lupin, M.D. not ordered the tests and did not see the plaintiff on his rounds, another day may have passed without the receiving any medical attention.

38. Tricare, through Humana Military Healthcare Services, rejected the claim for the tests that were administered on September 14, 2006, citing the reason that Arnold M. Lupin, M.D., a brother-in-law, was a close relative.

26. By Tricare rejecting the claim, the patient, Reva Lupin, would be responsible for the full original price of the test, not being afforded the discount rate accepted by Quest Laboratories were the claim honored.

27. Because the claim was rejected the secondary provider is then not obligated to pay their obligation.

## STATEMENT OF CLAIM
### (RADIOLOGY & INTERVENTIONAL ASSOCIATES OF METAIRIE, INC. and CARDIOLOGY CONSULTANTS OF LOUISIANA)

28. On or about November 30, 2007, plaintiff, Reva Lupin Kutner, was admitted as an emergency patient to East Jefferson General Hospital by Lawrence Levy, M.D. because of dehydration.

29. The primary medical provider for the hospital stay was Internal Medicine Physicians, LLC, owned and operated by Lawrence Levy, M.D.

30. Arnold M. Lupin, M.D. is only an employee of Internal Medicine Physicians, LLC.

31. Arnold M. Lupin, M.D. is the brother of plaintiff, Reva Lupin.

32. Arnold M. Lupin, M.D. may have been assigned as the physician to make rounds on November 30, 2007.

33. Arnold M. Lupin, M.D. may have ordered tests regarding the dehydration.

34. Reva Lupin had no control over what doctor was assigned to her case for rounds on November 30, 2007.

35. Reva Lupin, plaintiff, was solely interested in regaining her health, and had no idea which doctor was ordering what test, nor did she authorize the tests.

36. Had the tests not been ordered, Reva Lupin's condition may have severely worsened.

37. Had Arnold Lupin, M.D. not ordered the tests and did not see the plaintiff on his rounds, another day in the hospital may have passed without the receiving any medical attention.

38. Tricare, through Humana Military Healthcare Services, rejected the claim for the tests that were administered on November 30, 2007, citing the reason that Arnold M. Lupin, M.D., a brother, was a close relative.

39. There was no consideration given by Humana Military Healthcare Services regarding the severe shortage of doctors in the New Orleans area.

39. By Tricare through Humana Military Healthcare Services arbitrarily and capriciously rejecting the claim, the patient, Sanford Kutner, would be responsible for the full original price of the tests, not being afforded the discount rate accepted by East Jefferson General Hospital were the claim honored.

40. Because the claim was rejected, the secondary provider is then not obligated to pay their obligation.

## *RELIEF SOUGHT*

41. As a direct result of Defendants' actions, Plaintiffs are subjected to unwarranted financial obligations.

11. The conduct of one of the Defendants, Humana Military Healthcare Services, Inc., a subsidiary of Humana, Inc. was outrageous, was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure Plaintiffs, were with an improper and evil motive amounting to malice and spite, and were done in conscious disregard of Plaintiffs' rights. Therefore, the Plaintiff is entitled to an award of punitive damages from the Humana Military Healthcare Services, Inc., a subsidiary of Humana, Inc.

WHEREFORE, plaintiff prays that the Court:

(a) Issue a permanent injunction enjoining the defendants from continuing or maintaining the policy, practice and custom of denying, abridging, withholding, or conditioning the rights of customers, which rights are secured by 10 U.S.C. § 1079 *et seq.* as implemented by 32 C.F.R. § 199.17 and Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg.

(b) Award plaintiffs a judgment against defendants in whatever amount and/or a credit to their account(s)..

(c) Award plaintiffs punitive damages from the Humana Military Healthcare Services, Inc., a subsidiary of Humana, Inc.

(d) Grant plaintiffs such other and further relief, including legal fees, as may be necessary and proper.

Respectfully submitted,
April 15, 2008

                                                  _s/Sanford Kutner_____
Sanford A. Kutner (SK6525)
Attorney for Plaintiff, Reva Lupin Kutner
And ProSe
6 Tara Place
Metairie, LA 70002
718-246-0433  FAX 866-613-6209
civilrightslaw@aol.com

8